# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br> vs. <br><br> BRENDA LIZETH MALDONADO; US FINEST CIGARS, INC., <br><br> Defendant. | CASE NO. 08 CV 1823 JLS (AJB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** <br><br> (Doc. No. 19) |

Presently before the Court is Plaintiff's motion for attorney's fees. (Doc. No. 19.) The Court has previously held that Plaintiff is entitled to reasonable attorney's fees for this case. (Doc. No. 18.) The form of the motion is a declaration from Plaintiff's attorney. (*See* Doc. No. 19.) Plaintiff requests $1,466.40 in attorney's fees for 3.666 hours at a rate of $400 an hour. (*Id.* ¶ 4.)

To calculate attorney's fees, the Court begins by "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). To determine the reasonable hourly rate, the Court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir. 1997)). In this case, the relevant community is the Southern District of California because it is "the forum in which the district court sits." *Id*.

1       Plaintiff's counsel asserts that $400.00 per hour is his firm's reasonable hourly rate, which
2   consists of an attorney rate of $300.00 per hour blended with $100.00 per hour of paralegal and/or
3   administrative assistant time. (*See* Doc. No. 19 at ¶ 1.) The Court finds this hourly rate unreasonable.
4   First, Plaintiff has not evidenced any work done by a paralegal or administrative assistant. Therefore,
5   the Court finds the additional $100.00 inappropriate. Second, the Court finds that the reasonable and
6   prevailing rate for an attorney in this case is $250.00 per hour. As such, the Court will apply only the
7   reasonable hourly rate of $250.00 per hour to the reasonable hours expended.

8       To determine the reasonable hours expended in a case, the Court should exclude hours "that
9   are excessive, redundant, or otherwise unnecessary." *McCown*, 565 F.3d at 1102 (quoting *Hensley*,
10  461 U.S. at 434). The party requesting attorney's fees "should provide documentary evidence to the
11  court concerning the number of hours spent." *Id*. Plaintiff's counsel claims he spent 3.666 hours
12  working on this case, which the Court finds is not entirely reasonable. Counsel could have submitted
13  evidence of reasonable attorney's fees along with his motion for default judgment, but he did not do
14  so. Thus, the claimed .25 hours expended after this Court's order entering default judgment is not
15  reasonable. Further, of the remaining 3.41 hours claimed, the Court finds only 3.00 hours reasonable.
16  Plaintiff's counsel has experience litigating this type of case numerous times in different courts
17  throughout the country. Considering this experience and the fact that Defendants never appeared in
18  the case, the reasonable amount of time required to litigate this case is substantially reduced.

19      As such, the Court finds the reasonable hours expended to be 3.00 hours at a reasonable hourly
20  rate of $250.00 an hour. The Court therefore **GRANTS** Plaintiff's motion for attorney's fees in the
21  amount of $750.00.

23  IT IS SO ORDERED.

25  DATED: September 3, 2010

26                                  *Janis L. Sammartino*
                                    Honorable Janis L. Sammartino
27                                  United States District Judge